UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARRY N. MAY, JR.

    Complainant,

v.

LUCENT TECHNOLOGIES, INC.,

    Respondent.

FILED
IN CLERKS OFFICE
2005 JAN 28 P 2 22
U.S. DISTRICT COURT
DISTRICT OF MASS.

05 10177 NMG

RECEIPT #_____
AMOUNT $ 150.00
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. M.P.
DATE 1/28/05

## COMPLAINT FOR MONEY DAMAGES

MAGISTRATE JUDGE MBB

### Introductory Statement

Harry N. May, Jr. brings this complaint of retaliation and discrimination on the basis of age and handicap against his former employer, Lucent Technologies, Inc. Mr. May suffered a heart attack immediately after a female colleague told him their mutual supervisor was making unwanted sexual advances to her. The supervisor then refused to reinstate Mr. May to any position despite Mr. May's medical clearance to return to work. After Mr. May reported the supervisor's harassment, Lucent fired the supervisor and reinstated Mr. May, but Mr. May's new supervisor began to rate his performance negatively for the first time in 27 years, and characterized Mr. May as technically incompetent. A Vice President accepted that characterization and forced Mr. May to retire, injuring Mr. May's professional standing and permanently harming his ability to obtain employment.

### Jurisdiction

1.     This suit is brought under the provisions of 42 U.S.C. §12111 *et seq.*, the Americans with Disabilities Act; 29 U.S.C. §621 *et seq.*, the Age Discrimination in Employment

Act; and 42 U.S.C. §2000e *et seq.*, Title VII. This court's jurisdiction to hear those claims is based upon 28 U.S.C. §1331 as they are claims arising under the laws of the United States.

2. The plaintiff has complied with all jurisdictional conditions precedent to the filing of this civil action.

3. Venue lies in this district pursuant to 28 U.S.C., §1391(b)(2).

### Parties

4. The plaintiff, Harry N. May, Jr., resides at 14 Wildewood Drive, Medfield, MA 02052.

5. Defendant Lucent Technologies, Inc. is a foreign corporation which has, as its Massachusetts headquarters, an office in North Andover, Massachusetts, and facilities in 15 other locations in Massachusetts.

### Prior Proceedings

6. Mr. May brought a charge of discrimination against Lucent before the Massachusetts Commission Against Discrimination, which forwarded the charge to the Equal Employment Opportunity Commission ("EEOC"). Both commissions dismissed the charge.

7. Mr. May received a Dismissal and Notice of Rights from the EEOC on October 30, 2004. A copy of that Dismissal is attached at **Tab A.**

2

## STATEMENT OF THE FACTS

### I. LUCENT TERMINATED MR. MAY ILLEGALLY, IN RETALIATION FOR MAKING A REPORT OF SEXUAL HARRASSMENT THAT CULMINATED IN THE TERMINATION OF HIS SUPERVISOR'S EMPLOYMENT

#### A. Before He Reported the Harassment, Mr. May Had Received Only Very High Performance Ratings, as Well as Several Promotions and Merit Raises

8. Mr. May's service to AT&T began in 1970, and he served as a manager for AT&T and Lucent beginning in 1979. From 1989 to 1993, he managed the AT&T Customer Service Center responsible for the New England area and system conversions in Canada, for which he received excellent performance reviews.

9. Mr. May was promoted to Wireless Project Manager in 1993, and he received the "Project of the Year, 1995" award, as well as excellent performance ratings in 1995 and 1996.

10. In 1996, Lucent promoted Mr. May to Director of Wireless Project Management, in which he developed and supervised new project management processes for Lucent of Canada as well as for the ClearNet customer.

11. In 1994, Mr. May received an excellent performance evaluation which, like all his evaluations until 1996, noted that Mr. May had met every objective set out for him for the year.

12. Mr. May's 1996 evaluation stated, "Harry is recognized by his customers and the account team as a major force in managing projects. He demonstrates innovation in working around obstacles. He manages his project well. . . . Harry has excellent relationships with his peer groups and the organizations he works with."

#### B. Mr. May's Report of Sexual Harassment of Two Female Colleagues By A Supervisor Resulted in and Discrimination and Retaliation by Lucent

13. Only two months after Timothy Hutton was hired as Mr. May's supervisor, Mr. May learned that Hutton had made inappropriate sexual and social advances to two of Mr. May's

female colleagues. On April 17, 1997, one hour after receiving a phone call from one of the women about Hutton's advances, Mr. May suffered a heart attack.

14.  Mr. May recovered and was cleared to return to work without restrictions as of June 16, 1997.

15.  Hutton refused to reinstate Mr. May to his prior position and refused to assign him to any project or position whatsoever.

16.  Mr. May attempted to discuss Hutton's actions with other Lucent managers, to no avail.

17.  Finally, as a last resort, Mr. May met with David Poticny, a Vice President of Lucent, on July 14, 1997 and reported Hutton's refusal to return him to work and Hutton's sexual harassment of the two women. Poticny promised Mr. May that the allegations would be investigated.

18.  During Lucent's investigation of Hutton, Hutton repeatedly refused to return Mr. May to his position as Project Manager for the ClearNet System in Canada, or to any position.

19.  Hutton's refusal to return Mr. May to his position caused Mr. May great anxiety and distress.

### C. Immediately After He Reported the Harassment, Mr. May Received Negative Performance Ratings for the First Time in his Career

20.  Mr. May's performance evaluations declined steeply immediately after his July 1997 report of the misconduct by Hutton.

21.  In an evaluation of Mr. May's performance on October 26, 1997, Hutton leveled serious allegations against Mr. May, such as "non-cohesion" in the area of teamwork, and needing strengthening outside of core business areas. Hutton further stated that Mr. May's

promotion to Wireless Project Management Director was not based on the merits of his prior performance but was, in Hutton's words, "pre-arranged." Hutton falsely claimed that Mr. May had declined numerous offers of other positions after he returned from his medical leave.

22. Contrary to Lucent policy, Hutton offered Mr. May only a position in Korea, which was an illegal attempt to reassign him after he had taken medical leave under the Family and Medical Leave Act.

23. Lucent failed to follow its own policy to return employees from short-term disability to their regular work assignment, unless it is necessary to make a permanent replacement during the disability. Lucent made no permanent replacement for Mr. May during his short-term disability. The only position offered to Mr. May after his medical clearance to return to work was a transfer to Korea. Not only was this offer not within Lucent's policy, but such a transfer was medically impractical.

24. Mr. May suffered another heart attack on October 29, 1997, three days after receiving the negative performance evaluation from Hutton. Mr. May's cardiologist and Lucent medical advisors cleared Mr. May to return to work as of December 1, 1997. Again, Hutton refused to return Mr. May to his position as Project Manager on the Canada ClearNet project.

25. The precipitous decline in Mr. May's performance evaluations continued in 1998, after Hutton had been replaced by Raymond Pennotti ("Pennotti").

26. When Pennotti first met with Mr. May in early 1998, he told Mr. May that he was aware that Mr. May had been the source of the charges against Hutton.

27. At the end of 1998, Pennotti gave Mr. May an overall performance rating of four, on a scale of one to six, with one being the strongest rating, causing Mr. May to receive only a 1.4 percent salary increase and a low unit award payment.

28. Pennotti again gave Mr. May a very low 1999 mid-year performance appraisal on March 31, 1999, blaming Mr. May for technical problems.

29. Pennotti told Mr. May he would review his comments at a later date with him, but did not respond to Mr. May's several requests for such a conversation.

30. Frank Farjood replaced Pennotti as Mr. May's supervisor in August 1999.

31. After Farjood had held a private meeting with the Clearnet customer, he told Mr. May that Mr. May's performance had been superior to the rating Pennotti had given him, and said, "The account team and the customer love having you on their team."

32. However, only one month later, in September 1999, Farjood wrote a letter very critical of Mr. May's performance, to Talmadge Bursh, a Vice President and Bursh's supervisor, stating Mr. May was "not in touch with the technology."

33. Lucent kept Farjood's letter a secret from Mr. May, but used it as a grounds for ending his active employment and constructively terminating him.

34. Bursh called Mr. May to a meeting on May 15, 2000, and assigned him to the "Resignation from Service" Program ("RFS"). This program is applied to employees who have received a negative assessment; the employee must either leave the company or submit to a change in assignment or performance improvement plan.

35. Bursh refused all of Mr. May's suggested reassignments, forcing Mr. May to retire effective in October 2000.

### Count One - Disability Discrimination
### 42 U.S.C. §12111 et seq.

36. Mr. May incorporates the allegations of the preceding paragraphs as if fully set forth anew.

37. Lucent's: (a) refusal to return Mr. May to his prior assignment or a comparable assignment; (b) unwarranted negative performance evaluations; (c) denial of merit-based compensation; and (d) termination of Mr. May's employment constitute discrimination on the basis of disability, real or perceived, and therefore a continuing violation of the Americans With Disabilities Act, 29 U.S.C. §12111 *et seq.*

### Count Two – Retaliation for Opposing Disability Discrimination
### 42 U.S.C. §12203

38. Mr. May incorporates the allegations of the preceding paragraphs as if fully set forth anew.

39. Lucent's: (a) refusal to return Mr. May to his prior assignment or a comparable assignment; (b) unwarranted negative performance evaluations; (c) denial of merit-based compensation; and (d) termination of Mr. May's employment constitute illegal retaliation for opposing a practice made unlawful by 42 U.S.C. §12111, and because he has made a charge in the exercise of rights protected by 42 U.S.C. §12111, and therefore Lucent has violated 42 U.S.C. 12203.

### Count Three - Age Discrimination
### 29 U.S.C. §621 et seq.

40. Mr. May incorporates the allegations of the preceding paragraphs as if fully set forth anew.

41. Mr. May is 57 years old.

42. Lucent's: (a) refusal to return Mr. May to his prior assignment or a comparable assignment; (b) unwarranted negative performance evaluations; (c) denial of merit-based compensation; and (d) termination of Mr. May's employment constitute discrimination on the basis of age, and therefore a continuing violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

## Count Four – Retaliation for Opposing Age Discrimination
## 29 U.S.C. §623

43. Mr. May incorporates the allegations of the preceding paragraphs as if fully set forth anew.

44. Lucent's: (a) refusal to return Mr. May to his prior assignment or a comparable assignment; (b) unwarranted negative performance evaluations; (c) denial of merit-based compensation; and (d) termination of Mr. May's employment constitute illegal retaliation for opposing a practice made unlawful by 29 U.S.C. §621 *et seq.* and because he has made a charge in the exercise of rights protected by 29 U.S.C. §621 *et seq.*, and therefore Lucent has violated 29 U.S.C. §623.

## Count Five – Retaliation for Assisting Others With Charges of Sex Discrimination
## 42 U.S.C. §2000e et seq.

45. Mr. May incorporates the allegations of the preceding paragraphs as if fully set forth anew.

46. Lucent's: (a) refusal to return Mr. May to his prior assignment or a comparable assignment; (b) unwarranted negative performance evaluations; (c) denial of merit-based compensation; and (d) termination of Mr. May's employment constitute illegal retaliation for opposing a practice made unlawful by 42 U.S.C. §2000e *et seq.* and because he has made a

charge, assisted in an investigation and assisted others in the exercise of rights protected by Title VII, 42 U.S.C. §2000e *et seq.*, and therefore Lucent has violated 42 U.S.C. §2000e-3.

## II.   **DAMAGES**

47.   Lucent's discrimination on the basis of age and handicap, and its retaliation and unwarranted termination of Mr. May's employment have wronged Mr. May in ways that cannot be made right. This termination has injured his professional standing and reputation with customers with whom he had enjoyed an excellent relationship, a relationship on which Lucent has capitalized. Although he has diligently sought other employment in the time since he was fired, the loss of his position at Lucent has damaged his ability to find a similar position.

48.   Furthermore, Lucent's firing of him has caused Mr. May severe depression, anxiety, sleeplessness, loss of appetite and feelings of worthlessness. His wife and family have been adversely affected.

## III.   **DEMAND FOR RELIEF**

Mr. May demands that the discrimination and retaliation against him be compensated as follows:

1. Back pay for his position of Director of Project Management, of at least $83,100 per year in base salary for that position since May 15, 2000;

2. Merit salary increases, Lucent Awards, Unit/Team Award, Unit/Individual Award and other yearly bonus awards for 1998 and 1999 and thereafter, calculated by the usual formulas for such increases and awards;

3. Compensation for the emotional distress suffered by Mr. May;

4. Payment for his 40 days of vacations accrued before January 1, 2000, and for 25 days of vacations for which he would have been eligible during 2000 and each year thereafter;

5. Attorneys' fees;

6. Health insurance fully paid from May 15, 2000 to the present; and

7. Such other relief as this Court may order.

### Jury Demand

The plaintiff demands a trial by jury on all issues herein which may be tried by right to a jury and an advisory jury on all factual issues material to claims not tirable by right to a jury, pursuant to Federal Rule Civil Procedure 39 (c).

Respectfully submitted,<br>
**HARRY N. MAY, JR.**<br>
By his attorneys,

*/s/ Nicholas J. Scobbo, Jr.*<br>
*/s/ Lynn Peterson Read*<br>
Nicholas J. Scobbo, Jr., BBO No. 448900<br>
Lynn Peterson Read, BBO No. 551671<br>
**FERRITER SCOBBO & RODOPHELE, PC**<br>
125 High Street, 26th Floor<br>
Boston, MA 02110<br>
(617) 737-1800

Dated: January 28, 2005

Q:\NJS\17080001\pleading\USDC Complaint.doc

TO: Nick Scobbo

FROM: Harry May

Chuck,

    I received this on Saturday. Does not appear you were copied.

Harry

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Harry N. May, Jr.<br>14 Wildwood Drive<br>Medfield, MA 02052 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2000-03050 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

OCT 2 8 2004

Enclosure(s)

Robert L. Sanders,
Area Office Director

*(Date Mailed)*

cc: LUCENT TECHNOLOGIES, INC.
Lucent Technologies)283 King G
Eorge Road
Warren, NJ 07059

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# FACTS ABOUT FILING
# AN EMPLOYMENT DISCRIMINATION SUIT
# IN FEDERAL COURT IN STATE OF MASSACHUSETTS

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. A law suit can be filed at the following U.S. District Court locations in Massachusetts.

- The **United States District Court for the District of Massachusetts** located at The John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, or by contacting the Clerk of the Court Office at (617) 748-9152

- The **United States District Court for the District of Massachusetts** located at Donohue Federal Building & Courthouse, 595 Main Street, Room 502, Worcester, MA 01608, by contacting the Clerk of the Court Office at (508) 929-9000

- The **United States District Court for the District of Massachusetts** located at the Federal Building & Courthouse, 1550 Main Street, Springfield, MA 01103, or by contacting the Clerk of the Court Office at (413) 785-0214

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within **90 days** of the date you receive the enclosed final action. Once this 90-day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)

Information Sheet (page 1 of 2)

# DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a *pro se* complaint. Every district court has either a clerk or staff attorney who can assist you in filing *pro se*. To find out how to file a *pro se* complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file *pro se*, you must file your suit in the appropriate court within 90 days of receiving this mailing.

# WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists *pro se* complainants for specific instructions on how to seek counsel. The appointment of counsel in any *pro se* complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $120.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists *pro se* complainants for information concerning the necessary procedure to request that the filing fee be waived.

# HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

American Bar Association  
(312) 988-5522

The Massachusetts State Bar Association  
Toll Free (866) 627-7577   Local   (617) 617-654-0400

National Employment Lawyers Association Referral Service  
(212) 819-9450

Your County, City, or Municipal Lawyers or Bar Association may also be of assistance.

# HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. **If You File Suit, You or Your Attorney Should Also Notify this Office When the Lawsuit is Resolved.**

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED IN CLERKS OFFICE
2005 JAN 28 P 2:22
U.S. DISTRICT COURT
DISTRICT OF MASS

## I. (a) PLAINTIFFS
Harry N. May, Jr.

**DEFENDANTS**
Lucent Technologies, Inc.

(b) County of Residence of First Listed Plaintiff  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Essex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)
See Attachment

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

05 CV 10177 NMG

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §12111; 29 U.S.C. §621; 42 U.S.C. 2000e
Brief description of cause:
Employment discrimination based on age, handicap and retaliation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $500,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  January 28, 2005
SIGNATURE OF ATTORNEY OF RECORD  /s/ Peterson

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## Attachment to Civil Cover Sheet

### *Harry N. May, Jr. v. Lucent Technologies, Inc.*

| Attorneys for Plaintiff | Attorney for Defendant |
| --- | --- |
| Nicholas J. Scobbo, Jr.<br>Lynn Peterson Read<br>Ferriter Scobbo & Rodophele, PC<br>125 High Street<br>Boston, MA  02110<br>(617) 737-1800 | Thomas E. Shirley<br>Choate, Hall & Stewart<br>Exchange Place<br>53 State Street<br>Boston, MA  02109<br>(617) 248-5000 |

Q:\NJS\17080001\general\attach to civil cover.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Harry N. May, Jr. v. Lucent Technologies, Inc.__

FILED IN CLERK'S OFFICE
2005 JAN 28 P 2: 22
U.S. DISTRICT COURT
DISTRICT OF MASS.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

- [ ] V. 150, 152, 153.

**05 cv 10177 NMG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do _all_ of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Lynn Peterson Read__

ADDRESS __Ferriter Scobbo & Rodophele, PC, 125 High Street, Boston, MA  02110__

TELEPHONE NO. __(617) 737-1800__

(Coversheetlocal.wpd - 10/17/02)