Evan J. Spelfogel, Esq. (BBO No. 474440)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendant
LUCENT TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------- x
HARRY N. MAY, JR.,                                             :
                                                               :
                          Plaintiff,                           :
                                                               :    05 CV 10177 (NMG)
         - against -                                           :
                                                               :    ANSWER
LUCENT TECHNOLOGIES, INC.,                                     :
                                                               :
                          Defendant.                           :
------------------------------------------------------------- x

Lucent Technologies, Inc. (hereinafter "Lucent" or Defendant) by its attorneys, Evan J. Spelfogel, Epstein Becker & Green, P.C., answers the Complaint of Plaintiff Harry N. May ("Plaintiff") in the above-captioned action as follows:

Denies the allegations in the unnumbered paragraph in the Complaint entitled "Introductory Statement."

1.      Paragraph 1 of the Complaint contains legal conclusions concerning jurisdiction pursuant to the American's with Disabilities Act, 42 U.S.C. § 12111 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Equal Employment Opportunities Act, 42 U.S.C. § 2000e *et seq.*, and 28 U.S.C. § 1331 and does not require a response.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint.

5. Denies the allegations in Paragraph 5 of the Complaint, except admits that Lucent is a Delaware Corporation and leases an office in North Andover, Massachusetts.

6. Admits the allegations in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint, except admits that the Dismissal and Notice of Rights issued by the EEOC, contains a date stamp indicating that it was mailed on October 28, 2004.

Denies the allegations in the unnumbered lines prefaced by I and A before paragraph 8 of the Complaint.

8. Denies the allegations in Paragraph 8 of the Complaint, except admits that Plaintiff was hired by AT&T on October 26, 1970, worked for AT&T as a Service Manager from 1979 to 1984, as a Supervisor from 1984 to 1989, and a manager from 1989 to 1993, and respectfully refers the Court to Plaintiff's performance reviews for a complete and accurate statement of their contents.

9. Denies the allegations in Paragraph 9 of the Complaint, except admits that Plaintiff was promoted to Wireless Project Manager in or about 1993, and respectfully refers the Court to Plaintiff's 1995 and 1996 performance evaluations for a complete and accurate statement of their contents.

10. Denies the allegations in Paragraph 10 of the Complaint, except admits that Plaintiff was promoted to Director of Wireless Project Management in 1996.

11. Denies the allegations in Paragraph 11 of the Complaint and respectfully refers the Court to Plaintiff's 1994 and other performance evaluations for a complete and accurate statement of their contents.

12. Denies the allegations in Paragraph 12 of the Complaint and respectfully refers the Court to Plaintiff's 1996 performance evaluation for a complete and accurate statement of its contents.

Denies the allegations in the unnumbered lines prefaced by B. before Paragraph 13 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint, except admits that Plaintiff was cleared to return to work on June 16, 1997.

15. Denies the allegations in Paragraph 15 of the Complaint except admits that Plaintiff was not returned to his prior position after he was cleared to return to work on June 16, 1997.

16. Denies the allegations in Paragraph 16 of the Complaint.

17. Denies the allegations in Paragraph 17 of the Complaint, except admits that David Potincy met with Plaintiff, at Plaintiff's request, to discuss Plaintiff's allegations regarding Timothy Hutton's ("Hutton") management style and conduct in the workplace, and that Lucent investigated Plaintiff's allegations.

18. Denies the allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint.

Denies the allegations contained in the unnumbered lines prefaced by C. before paragraph 20 of the Complaint.

20. Denies the allegations in Paragraph 20 of the Complaint and respectfully refers the Court to Plaintiff's performance evaluations for a complete and accurate statement of their contents.

21. Denies the allegations in Paragraph 21 of the Complaint and respectfully refers the Court to Plaintiff's October 26, 1997 performance evaluation for a complete and accurate statement of its contents.

22. Denies the allegations in Paragraph 22 of the Complaint.

23. Denies the allegations in Paragraph 23 of the Complaint.

24. Denies the allegations in Paragraph 24 of the Complaint, except admits that on information and belief Plaintiff suffered a heart attack on October 29, 1997, he was cleared to return to work on December 1, 1997, and he was not assigned to work as the Project Manager for ClearNet.

25. Denies the allegations in Paragraph 25 of the Complaint, except admits that in 1998, Raymond Pennotti ("Penotti") replaced Hutton as Plaintiff's manager, and respectfully refers the Court to Plaintiff's 1998 performance evaluation for a complete and accurate statement of its contents.

26. Denies the allegations in Paragraph 26 of the Complaint.

27. Denies the allegations in Paragraph 27 of the Complaint and respectfully refers the Court to Plaintiff's 1998 performance evaluation for a complete and accurate statement of its contents.

28. Denies the allegations in Paragraph 28 of the Complaint except admits that Plaintiff's 1999 mid-year evaluation noted that Plaintiff did not resolve technical problems to ClearNet's satisfaction, and respectfully refers the Court to Plaintiff's 1999 mid-year performance evaluation for a complete and accurate statement of its contents.

29. Denies the allegations in Paragraph 29 of the Complaint.

30. Admits the allegations in Paragraph 30 of the Complaint.

31. Denies the allegations in Paragraph 31 of the Complaint.

32. Denies the allegations in Paragraph 32 of the Complaint except admits that Frankie Farjood ("Farjood") sent an email to Talmadge Bursh ("Bursh") detailing ClearNet's criticisms of Plaintiff's performance, including but not limited to, Plaintiff "not [being] in touch with technology"

33. Denies the allegations in Paragraph 33 of the Complaint.

34. Denies the allegations in Paragraph 34 of the Complaint, except admits that in or about May 15, 2000 Bursh explained to Plaintiff that he was eligible to participate in Lucent's Resignation From Service Program.

35. Denies the allegations in Paragraph 35 of the Complaint.

36. Incorporates each and every preceding response set as if fully set forth anew.

37. Denies the allegations in Paragraph 37 of the Complaint.

38. Incorporates each and every preceding response as if fully set forth anew.

39. Denies the allegations in Paragraph 39 of the Complaint.

40. Incorporates each and every preceding response as if fully set forth anew.

41. Admits, on information and belief, the allegations in Paragraph 41 of the Complaint.

42. Denies the allegations in Paragraph 42 of the Complaint.

43. Incorporates each and every preceding response as if fully set forth anew.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Incorporates each and every preceding response as if fully set forth anew.

46. Denies the allegations in Paragraph 46 of the Complaint.

47. Denies the allegations in Paragraph 47 of the Complaint.

48. Denies the allegations in Paragraph 48 of the Complaint.

The remainder of Plaintiff's Complaint constitutes a prayer for relief to which no response is required. To the extent a response is necessary, Lucent denies the allegations contained therein.

### As And For A First Defense

49. The Complaint fails to state a claim upon which relief may be granted.

### As And For A Second Defense

50. Plaintiffs' claims are barred in full or in part by applicable statutes of limitations.

### As And For A Third Defense

51. Plaintiff's claims are time barred by the 300-day limitation period under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(e)(1).

### As And For A Fourth Defense

52. Plaintiff's claims are time barred by the 300-day limitation period under the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 626(d).

### As And For A Fifth Defense

53. Plaintiff's claims are time barred by the 300-day limitation period under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*

### As And For A Sixth Defense

54. Plaintiff's request for damages under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 are capped under 42 § 1981a(b)(3).

### As And For A Seventh Defense

55. Actions taken by Lucent with respect to Plaintiff were taken for legitimate non-discriminatory business reasons and job related factors.

### As And For An Eighth Defense

56. Plaintiff has failed to mitigate alleged damages, any entitlement to which is expressly denied.

### As And For A Ninth Defense

57. Plaintiff has failed to exhaust all administrative remedies.

### As And For An Tenth Defense

58. Plaintiff has not suffered any adverse employment action.

### As And For A Eleventh Defense

59. Some or all of Plaintiff's other requests for damages and/or attorneys' fees are not recoverable.

WHEREFORE, Defendant Lucent Technologies, Inc. requests judgment dismissing the Complaint herein.

Dated: New York, New York
　　　　July 15, 2005

/s/: _Evan J. Spelfogel_
Evan J. Spelfogel (BBO No. 474440)

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for Defendant
Lucent Technologies, Inc.

To:　Nicholas J. Scobbo, Jr. (BBO No. 448900)
　　　FERRITER SCOBBO & RODOPHELE, P.C.
　　　125 High Street, 26th Floor
　　　Boston, MA 02110
　　　(617) 737-1800
　　　Attorneys for Plaintiff